# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

YVONNE ARAGON,

      Plaintiff,

      vs.                                                                    No. CIV 97-1000 JC/RLP

JOHN T. ROMERO, in his individual capacity,
MAX MADRID, JR., in his individual capacity,
and THE NEW MEXICO STATE HIGHWAY
AND TRANSPORTATION DEPARTMENT,
a political subdivision of the State of New Mexico,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment, filed September 11, 1998 *(Doc. 43)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that Defendants' motion is well taken in part and will be granted in part.

**I.**     **Factual Background**

Plaintiff Yvonne Aragon alleges that she was subjected to sexual discrimination while employed at the New Mexico State Highway and Transportation Department. Aragon applied for a promotion from Highway Engineering Technician II ("Tech II") to Highway Engineering Technician III ("Tech III") in April 1994. She claims that her promotion was delayed from May 18, 1994 until May 1995 because of her sex. As evidence of disparate treatment, she alleges that

Michael Rivera, a male, was promoted to Tech III in June 1994 even though he had less experience than she had.

Aragon sent a letter complaining of gender discrimination to Defendant Romero on August 8, 1994. She followed up by filing an Equal Employment Opportunity Commission ("EEOC") complaint with the New Mexico Human Rights Division on August 26, 1994. Her letter to Romero and her EEOC complaint allege discrimination for failure to promote, but sexual harassment is not mentioned in either document. Aragon alleges that Romero began to harass her in retaliation for complaining about gender discrimination. The harassment allegedly included verbal berating in a closed conference room using obscenities at least twice a week, repeated use of sexually explicit language and sexual innuendo, and unnecessary visits to her job site to criticize her work.

Aragon's duties involved field work based out of the Las Vegas, New Mexico, office until July or August 1994, when an injury caused her to return to office work. Rivera's duties involved office work in the Tucumcari office. Defendant Romero cited Plaintiff's lack of field experience as the reason for not promoting her in May 1994. Aragon was promoted to Tech III on May 21, 1995. Subsequently, she has received additional pay increases and another promotion.

## II. Analysis

Defendants' Motion for Summary Judgment requests that judgment be entered for Defendants as to all of Plaintiff's claims. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[S]ummary judgment will not lie if the dispute about a

material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## A. Title VII Claims Based on Disparate Treatment

Title VII discrimination claims are analyzed by applying the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Plaintiff must first establish a prima facie case of discrimination. To establish a prima facie case of discrimination by inference, Aragon must show that: 1) she is a member of the protected class; 2) she suffered an adverse action by the employer; 3) she was fully qualified for the promotion; and 4) she was treated less favorably than others outside the protected class. *See Beaird v. Seagate Tech. Co.*, 145 F.3d 1159, 1165 (10th Cir. 1998); *Kenworthy v. Conoco. Inc.*, 979 F.2d 1462, 1469 (10th Cir. 1992).

Aragon presented sufficient evidence to create a genuine issue of material fact on the first three elements of the prima facie case. Aragon established that she is a female who was passed over for a promotion for which she was at least minimally qualified. The difficulty with her case lies in establishing the fourth element, that she was treated less favorably than others outside the protected class. Aragon bases her claims of less favorable treatment on a comparison with one male employee, Michael Rivera. Rivera was an employee in the Tucumcari office of the Highway and Transportation Department who was promoted from Tech II to Tech III at about the same time that Aragon was denied her promotion in the Las Vegas office.

At this juncture in my opinion, I must digress briefly to discuss the nature of the position classification system used by Defendant Highway and Transportation Department because of confusion that is evident in Plaintiff's response memorandum. The evidence clearly indicates that Tech II and Tech III are position classifications rather than "jobs" or "positions." *See* New Mexico

Personnel Board Classification Plan (Ex. G to Defs.' Mem). The Classification Plan clearly indicates under the title "Examples of Duties" that "[E]ach job in this classification does not contain all duties listed below nor is this inclusive of all duties performed." *Id*. § SPB-7012 at 1. The Classification Plan also lists two groupings of duties. The first grouping involves field work, such as inspecting construction projects. The second grouping involves office work, such as reviewing the calculations of technicians and maintaining documentation. The difference between Tech II and Tech III classifications involves the amount of responsibility given to the worker (i.e., whether the worker needs more guidance and direction in performing his or her duties and whether the worker assists in training less experienced subordinates) rather than whether the work involves field work, office work, or some combination. *See* Dep. of Gary Shubert at 17-18 (Ex. 2 to Pl.'s Opp. Mem.).

There is no dispute that Plaintiff was transferred to the Las Vegas office and was assigned to field work on the Holman Hill construction project in April 1994, about a month before her promotion was denied. Her job, therefore, was a field position rather than an office position and she had been working at that position for only a month. Rivera's job was an office position in a different office, Tucumcari. Plaintiff and Rivera were not competing for the same job. In fact, they were not competing at all. Both were seeking to have their jobs upgraded to reflect greater responsibility and to receive a pay increase. Aragon was seeking the upgrade while performing in a field position that she had held for a month. Rivera was seeking the upgrade while performing in an office position.

Plaintiff's comparison with Mr. Rivera alone cannot establish that she was treated less favorably than others outside the protected class. Mr. Rivera was working in a different office (Tucumcari) than Plaintiff (Las Vegas). Mr. Rivera was assigned to a job that involved the office duty aspects of the Tech II classification rather than the field duty aspects that Aragon's field position

required. Mr. Rivera had not been transferred to a new job barely a month before his promotion request, as had Plaintiff.

Plaintiff admits that she was promoted to Tech III much faster than the average male, but claims that such evidence is irrelevant because she is making a disparate treatment claim based solely on the treatment that Michael Rivera received. *See* Defs.' Resp. at 9. Plaintiff has chosen to rely on Mr. Rivera's promotion as the sole basis for her claim that she was treated less favorably than males. Yet, the circumstances of Mr. Rivera's promotion were so different from her circumstances that his promotion, standing alone, cannot establish disparate treatment. Therefore, Plaintiff has not established a prima facie case.

Even if Plaintiff established a prima facie case, I would grant summary judgment against her because Plaintiff failed to rebut Defendants' evidence of legitimate, nondiscriminatory reasons for its actions. Defendants present evidence that Plaintiff's promotion was delayed because Plaintiff needed more field experience. Defendants point out that Plaintiff was working as a field Tech II out of the Las Vegas office, and had been transferred to that position just a month before she requested a promotion. Under the *McDonnell Douglas* approach, a plaintiff has the burden to show that the legitimate, nondiscriminatory reasons articulated by the employer are a mere pretext. To support her assertion that the need for field experience is mere pretext, Ms. Aragon submits evidence that Mr. Rivera was promoted to Tech III without any field experience. However, Mr. Rivera was not working in a field position at the time he was considered for promotion, while Plaintiff was. Mr. Rivera's field experience would be irrelevant to his promotion, but Ms. Aragon's field experience would be highly relevant to her promotion. Therefore, I conclude that Ms. Aragon's evidence of Mr. Rivera's promotion cannot show that the reasons offered by Defendants are mere pretext.

### B. Title VII Retaliation Claims

Aragon must establish three elements to maintain a prima facie case for retaliation under Title VII of the Civil Rights Act: 1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; 2) she suffered an adverse employment action contemporaneous with or subsequent to her protected conduct; and 3) there is a causal connection between her protected activity and the adverse employment action. *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1381 (10th Cir. 1994).

Aragon clearly meets the first prong of the prima facie case. Her EEOC complaint and August 8, 1994 letter of complaint constitute protected conduct. There are genuine issues of material fact as to the second and third elements of her prima facie case. Aragon alleges two adverse employment actions: her promotion to Tech III was delayed even further, and Romero raised his harassment "to a pitch, persistence and pace so as to alter the conditions of Plaintiff's employment." Pl.'s Resp. Mem. at 20. Plaintiff was reassigned to office work in July or August 1994 under the same supervisor who had recommended her promotion to Tech III, but was not promoted to Tech III until May 1995. Defendants do not explain the delay in promotion once Plaintiff returned to the office. The reason offered for the earlier denial, that she needed more field experience for a field inspector job, does not apply to this latter delay.

Aragon also presents enough evidence to establish a genuine issue of fact as to whether Romero's harassment rose to the level of an adverse employment action. To be actionable, the harassment must be so severe or pervasive that it objectively alters the conditions of the employment. *See Harris v. Forklift Systems*, 510 U.S. 17 (1993). Aragon presents evidence that Romero berated her at least twice a week for several months in a closed conference room, made unnecessary visits

to her work site to criticize and insult her, and repeatedly used obscene and sexually explicit language in his conversations with her. I conclude this evidence is sufficient for a jury to find that the harassment altered the conditions of Aragon's employment.

Aragon presents sufficient evidence of a causal connection between her EEOC complaint and Defendants' conduct. A plaintiff may establish an inference of retaliatory motive by showing that an adverse action closely followed the protected conduct. *See Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997). The pattern of employer practices must be very close in time to the protected conduct to raise the inference without additional evidence. *See id.* Standing alone, a three-month period between the employee's activity and the adverse action is insufficient to raise the inference of retaliation. *See Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997). The refusal to promote Aragon in August after she returned to the office and Romero's alleged increased harassment occurred immediately after she filed her complaint. Aragon also presents some direct evidence of retaliatory motive through Romero's statements that Aragon was "always wanting to argue," "questioning everything," and "always want[ing] to be difficult." Aragon Dep. at 42 (Ex. 7 to Pl.'s Resp. Mem.).

### C. Affirmative Defenses

Defendants present two affirmative defenses that merit discussion. First, Defendants request that summary judgment be entered against Plaintiff as to her harassment claims because they are barred by the statute of limitations. Filing a charge of Title VII discrimination "within three hundred days after the alleged unlawful employment practice occurred" is a prerequisite to suit under Title VII. 42 U.S.C. § 2000e-5(e)(1); *see Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir. 1993). Plaintiff made no mention of sexual harassment in her EEOC complaint. Hostile

work environment claims are not reasonably related to the disparate treatment claims made in her EEOC complaint. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1410 (10th Cir. 1997). Therefore, these claims are barred to the extent that they relate to harassment that occurred before Plaintiff engaged in protected opposition to discrimination.

However, Plaintiff may bring Title VII retaliation claims in district court without filing a separate administrative complaint. *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). Defendants attempt to distinguish Plaintiff's retaliation claims from those of the plaintiff in *Ingels*. I do not find their reasoning persuasive. The reasons cited in the *Ingels* decision for allowing retaliation claims to proceed without the need for a separate administrative complaint apply to this case as well. "[A]n act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint." *Id.* at 625 (quoting *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988)). Therefore, Plaintiff may proceed with her retaliation claims.

Defendants also raise the affirmative defense recently established by the Supreme Court in *Burlington Inds. Inc. v. Ellerth*, 118 S. Ct. 2257 (1998), and *Faragher v. City of Boca Raton*, 118 S. Ct. 2275 (1998). This affirmative defense allows an employer to escape automatic liability for harassment by its supervisory employees. *See Faragher*, 118 S. Ct. at 2292. Thus, it does not offer protection to Defendants Romero and Madrid. It also does not apply to Plaintiff's claims that her promotion was delayed further in retaliation for filing the EEOC complaint. *See Ellerth*, 118 S. Ct. at 2270 ("When no tangible employment action is taken, a defending employer may raise an affirmative defense . . . ."). The defense requires two elements: a showing "that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and proof

that the employee "unreasonably failed to take advantage of any preventive or corrective opportunities" that the employer provided. *Id.*

Defendants have not established that there is no material issue of fact as to the first element of the defense. Quite to the contrary, Defendants present evidence that Mr. Romero was widely known to disparage, harass, and use obscene and sexually explicit language when dealing with employees. *See* Defs.' Mem. at 5-6 & accompanying exhibits. I conclude that there is a genuine issue of fact as to whether Defendant New Mexico State Highway and Transportation Department exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

## IV.     Conclusion

Defendants' Motion for Summary Judgment on the disparate treatment claim will be granted because Plaintiff has not come forward with evidence that would establish a prima facie case of disparate treatment. Defendants' motion on her retaliation claim will be denied because there are genuine issues of fact that preclude summary judgment on that claim.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **granted in part.** Judgment shall be entered for Defendants as to Plaintiff's claim of discrimination based on disparate treatment. Plaintiff's claim of retaliation for filing an EEOC complaint remains.

DATED this 26th day of October, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Nancy Ann Richards |
| | Las Vegas, New Mexico |
| | |
| | James A. Burke |
| | Santa Fe, New Mexico |
| | |
| Counsel for Defendants: | Elizabeth L. German |
| | Brown & German |
| | Albuquerque, New Mexico |